[Cite as *State v. Adams*, 2014-Ohio-4233.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRADLEY ADAMS | : | Case No. 14-CA-25 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 13TRC12783


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 24, 2014


APPEARANCES:

For Plaintiff-Appellee

J. MICHAEL KING
40 West Main Street
4th Floor
Newark, OH 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, OH 43082

*Farmer, P.J.*

{¶1} On December 8, 2013, Pataskala Police Officer Anthony Wisniewski stopped a motor vehicle after observing erratic driving. The operator of the vehicle was appellant, Bradley Adams. Following an investigation, appellant was charged with driving while under the influence and driving while under the influence with a prior conviction in the past twenty years in violation of R.C. 4511.19(A)(1)(a) and (2)(a), driving with a suspended driver's license in violation of R.C. 4510.037, and driving outside of marked lanes in violation of R.C. 4511.33.

{¶2} A jury trial commenced on March 17, 2014. The jury found appellant guilty of the two driving while under the influence counts. The trial court found him guilty of the remaining violations. By judgment entry filed same date, the trial court sentenced appellant to two hundred days in jail on the R.C. 4511.19(A)(1)(a) conviction only.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "Appellant's state and federal Due Process rights were violated because there was insufficient evidence to support his OVI conviction."

II

{¶5} "Appellant's OVI conviction was not supported by the weight of the evidence."

I, II

{¶6} Appellant claims his convictions were against the sufficiency and manifest weight of the evidence. We disagree.

{¶7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶8} Appellant was convicted of driving while under the influence in violation of R.C. 4511.19(A)(1)(a) and (2)(a) which state the following:

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them[.]

{¶9} Appellant argues the state failed to meet its burden because it merely relied on the direct evidence and Officer Wisniewski's opinion. We note appellant does not challenge the prior conviction within the past twenty years conviction under R.C. 4511.19(2)(a).

{¶10} Along with Officer Wisniewski's testimony, the jury had a video of the arrest and could view for themselves appellant's actions and reactions. State's Exhibit 1.

{¶11} Officer Wisniewski testified he was traveling behind appellant's vehicle at about 12:24 a.m. when he observed it weaving in its lane of travel. T. at 46, 47. The

front driver side tire then passed over the double marked center line and returned to its lane of travel. T. at 48. Appellant proceeded to steadily reduce his speed and braked his car abruptly (a brake check). T. at 49-50. Based upon his observations, Officer Wisniewski initiated a traffic stop. T. at 50. He observed that appellant had glassy bloodshot eyes, and smelled an odor of marijuana coming from inside the vehicle and an odor of an alcoholic beverage on appellant's breath. T. at 52, 57. Officer Wisniewski also observed a marijuana smoking device on the passenger side floor board. T. at 57.

{¶12} Officer Wisniewski ordered appellant out of the vehicle. T. at 58. Appellant did not comply at first, and Officer Wisniewski had to "open the door for him to come on out." *Id.* Appellant was given the horizontal gaze nystagmus test and displayed six out of six clues indicating impairment. T. at 64. Appellant had to have the directions for the walk and turn test repeated several times and displayed four out of eight clues indicating impairment. T. at 65, 67-68. Appellant did not do the one legged stand test because of back problems. T. at 69. Officer Wisniewski then placed appellant under arrest. *Id.* Based upon his observations prior to the stop and appellant's performance on the field sobriety tests, Officer Wisniewski opined that appellant was impaired. T. at 77. Just prior to being transported, appellant became argumentative and denied "the violations he was charged with." T. at 71.

{¶13} In his defense, appellant called two witnesses, his friends, Jovan Kotuvski and Michael Erney. Mr. Kotuvski testified he was with appellant and others at a bar, O'Malley's, around 10:30 p.m. and observed appellant have one beer. T. at 114-115, 117. Appellant appeared "[p]retty normal" and did not seem impaired. T. at 118. Mr. Kotuvski knew nothing about what transpired before he arrived at the bar, although he

admitted that appellant "had been there earlier before me." T. at 120. Mr. Erney testified that he and appellant had worked together for about 24 hours straight, putting in long hours snow plowing because of a snow storm. T. at 129-130. He then went to the aforementioned bar and appellant joined him around 8:30 p.m. T. at 131-132. He observed appellant drink two beers. T. at 133. Mr. Erney opined appellant was safe to drive. T. at 135.

{¶14} As the trial court correctly pointed out, the testimony of one witness, believed by the jury, is sufficient to establish a fact in question. T. at 159. In this case, the jury believed the testimony of Officer Wisniewski vis-á-vis the testimony of appellant's friends.

{¶15} Given the time of night, the erratic driving, Officer Wisniewski's observations as to appellant's eyes and breath, and appellant's scores on the field sobriety tests, we find sufficient evidence to substantiate Officer Wisniewski's opinion on appellant's impaired driving and the finding of guilty on driving while under the influence in violation of R.C. 4511.19(A))(1)(a). We find no manifest miscarriage of justice.

{¶16} Assignments of Error I and II are denied.

{¶17} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 915